# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA
### SOUTHWESTERN DIVISION

| | |
|---|---|
| Todd I. Hoge, Jourdain H. St. Cyr, James B. Gross I, Kenneth J. Brien, Saul R. Bullhead, Edward G. Franco, and Chad J. Rummel,<br><br>        Plaintiffs,<br>   vs.<br><br>Sheriff Pat Heinert, Capt. Lisa Wicks, Lt. Greg Bohrer, Sgt. Eric Glasser, Cpl. Paul Hewitt, Tara Canright, and Chris Aman, Burleigh County Detention Center,<br><br>        Defendants. | **ORDER**<br><br><br><br><br><br>Case No. 1:09-cv-043 |

In lieu of conducting an initial pretrial scheduling/discovery conference in this case pursuant to Rule 16(b) of the Federal Rules of Procedure,

**IT IS HEREBY ORDERED** that each party shall submit to the court a proposed pretrial plan by April 12, 2010. The proposed pretrial plans should not be filed with the court but instead submitted to the undersigned by e-mail in "Wordperfect" or "Word" format to J-Miller@ndd.uscourt.gov . In the alternative, the parties can submit a hard copy of their proposed plans to undersigned at PO Box 670, Bismarck, ND 58502-0670. A sample plan is posted on the court's website (www.ndcourts.gov/forms.html) for the parties' reference. Upon receipt and review of the proposed plans, the court will establish a pretrial management plan and will schedule this matter for trial.

## **RESOLUTION OF DISCOVERY DISPUTES**

It is hereby **ORDERED** that the following steps be undertaken by all parties prior to the filing of any discovery motions:

1) The parties are strongly encouraged to informally resolve all discovery issues and disputes without the necessity of Court intervention. In that regard, the parties are first required to confer and fully comply with Rule 37(a)(1) of the Federal Rules of Civil Procedure and Local Rule 37.1 by undertaking a sincere, good faith effort to try to resolve all differences without Court action or intervention;

2) In the event that reasonable, good faith efforts have been made by all parties to confer and attempt to resolve any differences, without success, the parties are then required to schedule a telephonic conference with the Magistrate Judge in an effort to try to resolve the discovery dispute prior to the filing of any motions. The parties shall exhaust the first two steps of the process before any motions, briefs, memorandums of law, exhibits, deposition transcripts, or any other discovery materials are filed with the Court.

3) If the dispute still cannot be resolved following a telephonic conference with the Magistrate Judge, then the Court (Magistrate Judge) will entertain a motion to compel discovery, motion for sanctions, motion for protective order, or other discovery motions. In connection with the filing of any such motions, the moving party shall first fully comply with all requirements of Rule 37(a)(1) of the Federal Rules of Civil Procedure and Local Rule 37.1 and shall submit the appropriate certifications to the Court as required by those rules.

4) The Court will refuse to hear any discovery motion unless the parties have made a sincere, good faith effort to resolve the dispute <u>and</u> all of the above-identified steps have been strictly complied with. A failure to fully comply with all of the prerequisite steps may result in a denial of any motion with prejudice and may result in an award of costs and reasonable attorney's fees.

Dated this 12th day of March, 2010.

                                                */s/ Charles S. Miller, Jr.*
                                                Charles S. Miller, Jr.
                                                United States Magistrate Judge